## Commonwealth ex rel. Brown, Appellant, *v.* Rundle.

Submitted November 14, 1966.  Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert Brown,* appellant, in propria persona.

*Michael J. Rotko* and *Alan J. Davis,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 14, 1967:

Robert Brown was indicted for murder and tried before a Judge and jury. On June 15, 1955, the jury returned a verdict of guilty of murder in the second degree and Brown was sentenced to serve not less than six years nor more than fifteen years at Eastern State Penitentiary. Brown did not appeal from that judgment of conviction and sentence.

Eleven years later, on July 20, 1966, Brown filed a petition for relief under the Post Conviction Hearing Act—Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1-1180-14. On August 19, 1966, this petition was dismissed by the lower Court without a hearing, and from that Order Brown filed this appeal.

Brown contends that his conviction and sentence for second degree murder is void because he was ". . . proceeded against, prosecuted and sentenced by a religious establishment. . . ." He apparently argues that his conviction violates the Federal Constitution,* be-

---

* Relator's petition and exact contentions are often obscure and very difficult to fathom.

cause the Pennsylvania Constitution permits a Judge to take an oath. Article VII, §1,* of the Pennsylvania Constitution which was in effect at the time Brown was tried, provided, inter alia: "Senators and Representatives and all judicial, State and county officers shall, before entering on the duties of their respective offices, take and subscribe the following oath or affirmation: 'I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States, and the Constitution of this Commonwealth, and that I will discharge the duties of my office with fidelity; that I have not paid or contributed, or promised to pay or contribute, either directly or indirectly, any money or other valuable thing, to procure my nomination or election, (or appointment,) except for necessary and proper expenses expressly authorized by law; that I have not knowingly violated any election law of this Commonwealth, or procured it to be done by others in my behalf; that I will not knowingly receive, directly or indirectly, any money or other valuable thing for the performance or non-performance of any act or duty pertaining to my office, other than the compensation allowed by law.'"

Moreover, Brown argues that the Preamble** of the Pennsylvania Constitution and the Act of June 24,

---

* This oath has been changed by a recent amendment to our Constitution. Article VI, §3, provides, inter alia: "Oath of office. Senators, Representatives and all judicial, State and county officers shall, before entering on the duties of their respective offices, take and subscribe the following oath or affirmation before a person authorized to administer oaths: 'I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity.'"

** "We, the people of the Commonwealth of Pennsylvania, grateful to Almighty God for the blessings of civil and religious liberty, and humbly invoking His guidance, do ordain and establish this Constitution."

1939, P. L. 872, §523, 18 P.S. §4523,* violate the Federal Constitution.

The First Amendment to the United States Constitution provides, inter alia, "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. . ." The meaning of "an establishment of religion" is analyzed and interpreted in the recent case of *Abington School District v. Schempp,* 374 U.S. 203.

Brown's contentions are not only devoid of any legal merit, they are ridiculous. If his theory were accepted and his conviction invalidated it would (as he admits) nullify every criminal conviction ever obtained in the Commonwealth of Pennsylvania and would make a mockery of every oath taken by every Judge and every public official from the President of the United States to a magistrate.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

* "Whoever wilfully and premeditately blasphemes or speaks loosely and profanely of Almighty God, Christ Jesus, the Holy Spirit, or the Scriptures of Truth, shall upon conviction thereof, in a summary proceeding, be sentenced to pay a fine not exceeding one hundred dollars ($100), and in default of the payment of such fine, and costs, shall be sentenced to imprisonment not exceeding thirty (30) days."